

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Margaret Ann Mahoney*                                *970 Broad Street, Suite 700*
*Senior Trial Counsel*                                       *Newark, New Jersey 07102*
*Assistant United States Attorney*                    *973.645.2761*

August 24, 2020

**VIA ECF**
The Honorable Edward S. Kiel
United States District Judge
Martin Luther King Building
   & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

        Re:   *United States v. Lamont Vaughn*, Mag. No. 20-15325 (ESK)

Dear Judge Kiel:

        The Government respectfully submits this letter brief in lieu of a more formal submission in support of its motion pursuant to Federal Rule of Criminal Procedure 5.1(d) to extend the time to hold a preliminary hearing in the above-referenced case.

        On or about August 3, 2020, defendant Lamont Vaughn ("Vaughn" or "defendant") was charged via criminal complaint with one count of possession with intent to distribute a quantity of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and with one count of being a convicted felon in possession of a dangerous weapon, to wit, a loaded handgun, in violation of Title 18, United States Code, Section 922(g).  On August 14, 2020, Vaughn was arrested on these charges.  On or about August 17, 2020, Vaughn had his initial appearance before the Honorable Cathy Waldor, where he was represented by his counsel, Troy Archie, Esq.  Mr. Archie requested permission to submit additional evidence to the court in support of the defendant's bail motion.  As a result, Judge Waldor continued the bail hearing to Wednesday, August 19, 2020 in order to review the defendant's submissions.  Due to technical difficulties, the extended bail hearing was moved to Thursday, August 20, 2020.  On August 20, 2020, Judge Waldor denied defendant's motion for bail, and ordered the defendant detained.  At the hearing, the defendant stated that he was not willing to waive the preliminary hearing or consent to an adjournment.  As a result, your Honor scheduled a preliminary hearing for August 28, 2020 at ___p.m.  The Government

–1–

now writes to request an extension of the preliminary hearing time limits, pursuant to Rule 5.1(d), in light of the COVID-19 pandemic and the resulting extraordinary circumstances such as the inability to get a Grand Jury quorum within the statutory timeframe of Rule 5.1.   The Government respectfully requests a short extension of time to present the indictment to the Grand Jury from August 28, 2020 to on or after September 11, 2020.

Pursuant to Rule 5.1(c), "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody[.]"   *See also* 18 U.S.C. § 3060(b)(1). However, under Rule 5.1(d), "a magistrate judge may extend the time limits in Rule 5.1(c) one or more times".   Specifically, "[i]f the defendant does not consent," the "magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." *See also* 18 U.S.C. § 3060(c). The Government submits that such circumstances are present here.

This Court, as well as other courts in this District and around the country, have agreed to adjourn preliminary hearings for a period of time due to "extraordinary circumstances regarding the national pandemic of COVID-19 and the interests of justice being served by an adjournment of the preliminary hearing pursuant to Federal Rule of Criminal Procedure 5.1(d)."   For example, in *United States v, Jose Torres, Mag. No. 20-10059,* your Honor twice granted the Government's motion for an adjournment of the preliminary hearing – over the defendant's objections – due to the extraordinary circumstances that include the wide-spread onset of the COVID-19 pandemic. *See, e.g. Dkt. Ents.* 11, 24, *United States v. Jose Torres, Mag No, 20-10059(MAH).*   There, your Honor found that "the Government's Motion is granted due to the extraordinary circumstances regarding the national pandemic of COVID-19 and the interests of justice being served by an adjournment of the preliminary hearing pursuant to Federal Rule of Criminal Procedure 5.1(d)." Likewise, in *United States v. Joseph Kane, Mag No. 20-12115(ESK),* the Honorable Leda Dune Wettre granted the Government's motion for an adjournment of the preliminary hearing due to the extraordinary circumstances that include the COVID-19 pandemic.   *See, e.g. Dkt. Ent. 11, United States v. Joseph Kane, Mag No, 20-12115(ESK)*("the national COVID-19 pandemic has created extraordinary circumstances warranting further adjournment of the preliminary hearing and the interest of justice is best served by such an adjournment.")

Natural emergencies, such as severe weather, have constituted "extraordinary circumstances".   *See United States v. Bagios*, No. 11-CR-6030 (RSR), 2011 WL 817856, at *5 (S.D. Fla. Mar. 2, 2011) (holding that severe weather that disrupted the USMS's air fleet and prevented the defendant from being brought to the charging district within 14 days constituted "extraordinary circumstances" that "warrant an extension of the preliminary-hearing period").   More pertinently, a number of recent cases from around the country have found that extraordinary circumstances were demonstrated as a result of the COVID-19 epidemic.   For example, the court in

*United States v. Munoz*, 2020 WL 1433400 (S.D. Cal. Mar. 24, 2020), extended the preliminary hearing deadline by 30 days, finding that

> "extraordinary circumstances exist and justice requires" that defendant's preliminary hearing be continued beyond the 14-day deadline of Fed. R. Crim. P. 5.1(c). As outlined in the Order of the Chief Judge, current health restrictions have "greatly jeopardized" the ability of counsel, witnesses, parties, and Court staff to be present in the courtroom. As a result, the Court has suspended "all proceedings under Federal Rule of Criminal Procedure 5.1" until April 16, 2020. For these reasons, the deadline for holding a preliminary hearing in this case will be extended to April 24, 2020, absent further order from this Court.

*Id.* at *1. Similarly, the court in *United States v. Carrilllo-Villa*, No. 20 Mag. No. 3073, 2020 WL 1644773, at *2 (S.D.N.Y. Apr. 2, 2020), concluded that the COVID-19 pandemic has created "extraordinary disruption" throughout the district, including the imposition of travel restrictions and bans of mass gatherings. The *Carolllo-Villa* Court also looked to the Southern District of New York's Standing Order, which suspended all jury trials through June 1, 2020. The Court therefore held that the COVID-19 pandemic, and the disruptions it had caused were "extraordinary circumstances" pursuant to Rule 5.1(d) and that "justice requires the delay" of the preliminary hearing for a period of 30 days. *Id.* at *3.

     As your Honor has acknowledged in prior rulings, a national emergency has been declared in the United States, and on or about March 9, 2020, the Governor of New Jersey declared a State of Emergency due to the pandemic resulting from the spread of COVID-19. The Governor then extended his stay at home order indefinitely, requiring all non-essential personnel to stay at home with very few exceptions. This Court followed suit, heeding CDC guidelines to "social distance" and limit any gatherings, including non-essential court appearances. On or about March 16, 2020, the District Court issued its first a Standing Order, continuing all jury trials through April 30, 2020 and noting "reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduled of further trials." Standing Order 20-02, ¶ 6. And on or about April 17, 2020, the District Court issued its second Standing Order, continuing all jury trials through May 31, 2020, and explicitly noting the indefinite stay at home order in place in New Jersey and the CDC social distancing guidance. *See* Standing Order 20-09. Finally, on or about August 17, 2020, the District Court issued its most recent Standing Order 20-12, extending its previous continuance Order until September 30, 2020. The District Court explicitly addressed criminal cases commenced by complaint and ordered that "the 30-day period established by 18

U.S.C. § 3161(b), during which the United States must either obtain an indictment or file an information, is continued through September 30, 2020." Standing Order, 20-12, ¶ 3. The Court went on to recognize the severe public health crisis and serious safety issues caused by COVID-19 and determined that "the ends of justice served by granting such continuance outweigh the best interest of the public and each defendant in a speedy indictment and a speedy trial in a criminal case." Standing Order 20-12, ¶ 3.

As acknowledged by this Court, the COVID-19 pandemic and accompanying regulations have created unforeseen problems with visitors, including counsel having access to their clients at prisons. *See* Standing Order 20-02, ¶ 6. Additional problems surround this pandemic: travel restrictions limit access to courts, the potential spread of illness at the court is great, difficulties arise in obtaining testimony from witnesses who are often either ill or have childcare responsibilities as summer camps are closed and the vast majority of schools have committed to remote learning for their students, among many others. Ordinarily, this would be a case the government would seek to indict in order to protect witness statements in open court, and to avoid the possible identification of such witnesses, at this early stage of the litigation. However, COVID-19 pandemic and the inability to obtain a grand jury quorum has prevented the government from proceeding by indictment by August 28, 2020. However, the Government anticipates being able to present this case to the Grand Jury on September 11, 2020.

The difficulties in New Jersey mirror those in New York. Health experts urge everyone to stay at home, avoid gatherings of people and the Governor has required New Jersey's citizens to follow these recommendations. This Court has acknowledged the difficulties of court appearances and adjourned many proceedings including all jury trials. Given the many difficulties noted, including bringing in witnesses to prepare for and testify at a preliminary hearing during the current state of emergency, the Government submits that extraordinary circumstances exist and that an extension pursuant to Rule 5.1(d) would be in the interests of justice. The Government therefore respectfully requests that the Court grant its motion to extend the time limits under Rule 5.1(c) and adjourn the preliminary hearing to a date after September 11, 2020.

                                                      Respectfully submitted,

                                                      CRAIG CARPENITO
                                                      UNITED STATES ATTORNEY

Dated: August 24, 2020        By:   */s/ Margaret Mahoney*
                                                  Margaret Mahoney
                                                  Assistant United States Attorney

cc:    Troy Archie, Counsel to Lamont Vaughn (via email)