UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 20-803 (KM) |
| v. | Crim. No. 20-782[1] |
| **LAMONT VAUGHN,** | |
| Defendants. | **MEMORANDUM and ORDER** |

The defendant, appearing *pro se* with standby counsel, has filed an appeal from an order of the Magistrate Judge extending the deadline for holding a preliminary hearing under Fed. R. Crim. P. 5.1. (20cr782 DE 1; 20cr803 DE 15) He makes a largely correct argument that the Magistrate Judge erred in granting the government's motion for an extension, but the error does not have the consequences he assigns to it—*i.e.,* dismissal of the criminal case with prejudice. The case law unanimously holds that where, as here, a grand jury has indicted the defendant, conclusively establishing probable cause, there is no deprivation requiring a remedy.

### A. Background

I relate only the procedural history most pertinent to the appeal. On August 30, 2020, a criminal complaint was filed, charging the defendant with possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (DE 1) On August 17, 2020, he had an initial appearance before Magistrate Judge Waldor. (DE 3) She entered an order of temporary

---

[1] As a result of prior proceedings, relevant filings have appeared under docket numbers 20 mj 15325 and 20 cr 782. All future filings should be made under this docket number, 20 cr 803. Citations to docket entries ("DE"), unless otherwise specified, are to the docket in 20 cr 803.

detention. (DE 6) On August 20, 2020, he had a detention hearing before Magistrate Judge Waldor, who entered an order of pretrial detention. (DE 8)

The defendant declined to waive a preliminary hearing. Because the defendant is in custody, Fed. R. Crim. P. 5.1(d) requires that a preliminary hearing ordinarily be held within 14 days after arrest. Accordingly, Judge Waldor scheduled a preliminary hearing for August 28, 2020.

On August 24, 2020, the government filed a motion to extend the deadline for a preliminary hearing. Such an extension is permitted, but "the magistrate may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." Fed. R. Crim. P. 5.1(d); *see also* 18 U.S.C. § 3060(c) ("the judge or magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay"). As "extraordinary circumstances," the government cited such factors as the COVID-19 pandemic and the attendant difficulties, which are well known to all; the state of emergency declared in New Jersey, requiring, e.g., that citizens shelter in place; and the standing orders of this Court, suspending certain deadlines under the Speedy Trial Act, including the 30-day deadline to obtain an indictment under 18 U.S.C. § 3161(b).

The government offered generalities about the difficulties of travel, unavailability of those responsible for child care, limitations on prison visits, the health risks of in-person proceedings, and difficulties in "bringing in witnesses to prepare for and testify at a preliminary hearing." It offered no specifics about any particular witness who would be unavailable or any particular person whose child-care responsibilities would bar an appearance before but not after August 28, 2020. Nor did the government address the obvious alternative procedure of conducting proceedings by video—as has been done in many cases, including this very case.

The only specific basis for an adjournment cited by the government was the inability to obtain a grand jury quorum. "Ordinarily," said the government, "this would be a case the government would seek to indict in order to protect witness statements in open court, and to avoid the possible identification of

such witnesses at this early stage of the litigation However, COVID-19 pandemic and the inability to obtain a grand jury quorum has prevented the government from proceeding by indictment by August 28, 2020. However, the Government anticipated being able to present the case to the Grand Jury on September 11, 2020." (DE 9 at 4)

The Magistrate Judge accepted the lack of a grand jury quorum as the primary basis to grant an extension of the preliminary hearing deadline:

> 4. The government has proffered that the COVID-19 pandemic and resulting government restrictions have prevented it from obtaining a grand jury quorum so it can present the charges to a grand jury. . . .
>
> 6. The COVID-19 pandemic continues and social-distancing regulations have prevented a quorum of the grand jury. . . . Extraordinary circumstances exist and the interests of justice would be served by extending the time for a preliminary hearing.

(Order of Magistrate Judge dated Aug. 27, 2020, DE 12) That order adjourned the deadline for a preliminary hearing until September 18, 2020. (*Id.*).

On August 28, 2020, the defendant filed an appeal from the Magistrate Judge's order extending the preliminary hearing date. (DE 15)[2]

Before the extended preliminary hearing date, on September 16, 2020, the grand jury returned an Indictment. (DE 17) It contains six counts:

1. Possession with intent to distribute oxycodone (21 U.S.C. § 841(a)(1) and (b)(1)(C);

2. Possession with intent to distribute fentanyl (21 U.S.C. § 841(a)(1) and (b)(1)(C);

3. Possession with intent to distribute Tapentadol (21 U.S.C. § 841(a)(1) and (b)(1)(C);

4. Possession with intent to distribute Alprazolam (21 U.S.C. § 841(a)(1) and (b)(1)(C);

5. Possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1))

---

[2] The appeal was originally docketed under its own criminal number, 20cr782. A responding submission by the government appears on that docket as 20cr782 DE 4.

6. Possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)).

The case was assigned to me on September 25, 2020. (DE 19)

On September 30, 2020, arraignment took place via video. I also heard oral argument of the defendant's appeal from the Magistrate Judge's order extending the preliminary hearing deadline. Finding it unclear whether specific facts had been placed before the Magistrate Judge, I therefore gave the parties until close of business on the following day, October 1, 2020, to clarify with a supplemental submission.

As of this writing, I have not seen such any such submission from the government. The defendant has made a supplemental submission. (DE 22)

### B. Extraordinary Circumstances

The Magistrate Judge's factual findings were clearly erroneous, but primarily as a result of the application of an erroneous legal standard. The error, in my view, is that "extraordinary circumstances," for purposes of Rule 5.1(d), must surely mean circumstances that prevent the government from holding a preliminary hearing — not circumstances that prevent the government from obtaining an indictment and thereby avoiding a preliminary hearing.

Now of course there is a prosecutorial *preference* for indictments, rather than preliminary hearings. In a felony case, an indictment will have to be obtained anyway, and the grand jury's finding of probable cause eliminates the necessity of a preliminary hearing. Fed. R. Crim. P. 5.1(a) ("the magistrate judge must conduct a preliminary hearing unless . . . (2) the defendant is indicted; . . . .") In the Court's experience, preliminary hearings therefore rarely occur; the prosecution simply indicts promptly, eliminating the need for them.[3] Rule 5.1 leaves it open for the government to exercise that preference,

---

[3]   The defendant strenuously objects to the system by which a grand jury finding of probable cause can eliminate the need for a preliminary hearing, arguing that it prevents the defendant himself from challenging the government's case at the earliest possible time. That is a legitimate perspective, but the law was long ago settled to the contrary. *United States v. Farries*, 459 F.2d 1057, 1061 (3d Cir. 1972) ("Once an

but a preference is not an entitlement. The subject matter of the Rule is preliminary hearings, and the "extraordinary circumstances" justifying a delay must be circumstances that impair the timely holding *of a preliminary hearing*.

For example, in *Elms v. United States*, 2020 U.S. Dist. LEXIS 76594, at *5-7, 2020 WL 2085970 (D. Nev. Apr. 30, 2020), the court found that the COVID-19 outbreak did not constitute "extraordinary circumstances." As in this case, it found that the government's presentation spoke in generalities about difficulties, but did not state any specifics about particular witnesses or evidence that would be unavailable. The *Elms* court rejected the government's argument that there was no grand jury sitting, holding that the government should have foreseen that and prepared to proceed via preliminary hearing over a video conference. *Id.* at *4 (citing *United States v. Fortenberry*, No. 2:14-MJ-673-VCF, 2014 WL 6969615, at *2 (D. Nev. Dec. 8, 2014) (("Rule 5.1 does not permit continuance solely to enable the government to avoid a preliminary hearing by securing an indictment[.]") (citation and internal punctuation omitted)). *See also United States v. Summerfield*, 2020 U.S. Dist. LEXIS 69490, at *2-3 (D. Nev. Apr. 20, 2020).

On the other hand, in *United States v. Carrillo-Villa*, 2020 U.S. Dist. LEXIS 58727, at *5-6, (S.D.N.Y. Apr. 2, 2020), the court found that COVID did create extraordinary circumstances because law enforcement officials would have had to travel into the district to testify and sensitive information might need to be disclosed. That case occurred in Manhattan on April 2, 2020, however, at the very height of the COVID epidemic in this area. *United States v. Aguirre*, 2020 U.S. Dist. LEXIS 62158, 2020 WL 1433349 (S.D. Cal. Mar. 20, 2020) relied on a court-wide order suspending "all proceedings under Federal Rule of Criminal Procedure 5.1" until April 16, 2020.

In terms of COVID-19, we in the New York metropolitan area are fortunately not where we were in March and April. And here, the government

---

indictment has been returned a preliminary hearing is not required,") In short, if everything had been done timely, the defendant would stand in precisely the same position.

made no showing that a preliminary hearing, as opposed to an indictment, could not be obtained before August 28. As noted, the prosecution's submission speaks in generalities about the difficulties engendered by the COVID-19 pandemic. It gives no specifics about why a preliminary hearing could not be held by video; more to the point, it gives no reason that a preliminary hearing could not be held before August 28, 2020, but could be held in early September. If a specific hardship or difficulty were identified, the Magistrate Judge would surely have endeavored to accommodate it, but no specific scheduling or other conflict was proffered. If a witness critical to the preliminary hearing were endangered, an *ex parte* showing could have been attempted, but none was requested. The cited district-wide order suspending certain deadlines under the Speedy Trial Act, as defendant and his counsel point out, is not relevant; it does not speak to the Rule 5.1 deadline.

The only concrete reason given for the requested delay was the inability to obtain a grand jury quorum before August 28. That, as I say, was an insufficient justification. The government has two alternatives for establishing probable cause: one is to indict, but if that alternative is unavailable, the Rule obligates it to establish probable cause by a preliminary hearing.

In short, the defendant is thus far substantially correct. What he fails to establish, however—and the government's discussion was of limited help—is that he is entitled to the remedy of dismissal without prejudice of the criminal charges as a result of this error.[4]

---

[4]   I have reviewed all submissions in the case, but I make particular note of the defendant's supplemental submission, filed late yesterday, October 1, 2020. (DE 22) It consists first of a recital of the facts, in which the defendant makes the point, which I accept, that specific facts justifying a delay were not submitted to the Magistrate Judge by the government. (DE 22 at 4–5). It reiterates the defendant's demand for dismissal of the criminal case with prejudice. (*Id.* at 6–7) It attaches copies of two prior submissions by standby defense counsel. (*Id.* at 8–13) Also attached is an excerpt of a district court opinion in one of Mr. Vaughn's prior criminal cases, dating from 2015, imposing sanctions for failure to preserve a police officer's text messages but denying dismissal of the indictment. One of the prosecutors in that prior case was Ms. Mahoney. The issues are unrelated to those currently before this court, but the defendant impugns her motives. (*Id.* at 14–18) Finally, the defendant attaches the notes from which he read his oral argument. While much of the material was familiar

### C. Remedy

Rule 5.1 is silent as to the proper remedy where the 14-day deadline is missed, or is judicially extended, but not on a proper basis. It addresses only the situation where a hearing is held but probable cause is found lacking:

> (f) Discharging the Defendant. If the magistrate judge finds no probable cause to believe an offense has been committed or the defendant committed it, the magistrate judge must dismiss the complaint and discharge the defendant. A discharge does not preclude the government from later prosecuting the defendant for the same offense.

Fed. R. Crim. P. 5.1(f). That release, as the Rule states, is without prejudice to further prosecution of the same offense. As the Advisory Committee Notes state, this means that where a lack of probable cause is found, the government may simply re-charge the case and start over. That strongly suggests that the defendant's maximalist position—that a finding of probable cause which is merely late entitles him to dismissal with prejudice—is incorrect.

Title 18, U.S. Code, Section 3060(d) provides as follows:

> (d) Except as provided by subsection (e) of this section, an arrested person who has not been accorded the preliminary examination[5] required by subsection (a) within the period of time fixed by the judge or magistrate judge in compliance with subsections (b) and (c), shall be discharged from custody or from the requirement of bail or any other condition of release, without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested.

The cited subsection 3060(e) provides that a preliminary hearing is not required if an indictment is returned "*prior to* the date fixed for the preliminary examination." (Emphasis added.) That did not occur here; the indictment came before the *extended* preliminary hearing date, but I have found that the extension was incorrectly granted.

---

from the argument, there was some additional material, which I reviewed. (*Id.* at 19–33)

[5]  The Rule uses the term "preliminary hearing"; the statute, "preliminary examination." There is no difference in substance.

Section 3060 comes closer to our situation, but does not quite cover it. In a case where an arrestee has simply "not been accorded" the right to a showing of probable cause *via* a preliminary hearing, dismissal and discharge would seem to be required. (Here again, however, the remedy is "without prejudice" and the government may immediately re-charge the defendant and start over.) *Elms* granted the § 3060(d) remedy because that was such a case—*i.e.,* one in which the arrestee had "not been accorded" a probable cause determination at all, whether by preliminary hearing or by indictment.

Here, however, defendant Vaughn has received the required finding of proper cause in the form of an indictment. True, he received it belatedly (once the improperly granted extension is disregarded), but receive it he did. That, under the unanimous case law, is a distinction with a difference. The case law is virtually unanimous that an indictment, even if belated, cures a defect in the preliminary hearing process.

One way to view it is this: Assume the court had denied the extension and the charges in the criminal complaint had been dismissed on Day 15 for failure to hold a preliminary hearing. That dismissal would necessarily have been "without prejudice . . . to the institution of further criminal proceedings against [defendant Vaughn] upon the charge upon which he was arrested." 18 U.S.C. § 3060(d). The subsequent Indictment is just that—the "institution of further criminal proceedings" on the same charges on which Mr. Vaughn was arrested (as well as four others). At his point, to go back, dismiss the now-superseded criminal complaint, and immediately re-arrest the defendant would be a meaningless gesture; the complaint has been superseded by a felony Indictment, based on a finding of probable cause, which is now the operative charging document. *See generally United States v. Dorsey*, 462 F.2d 361, 363 n.2 (3d Cir. 1972) ("[T]he grand jury supersedes the complaint procedure by returning an indictment.") (*quoting Jaben v. United States*, 381 U.S. 214, 220 (1965)).

"[T]he sole purpose of the preliminary examination is to test probable cause in order that innocent persons will not continue under arrest.  If that

determination is made by another means, there is no prejudice to defendant." *United States v. Milano*, 443 F.2d 1022, 1024-25 (10th Cir. 1974). In *Milano,* a continuance of the preliminary hearing date was improperly issued over defendant's objection, without the necessary § 3060 findings, but the day after the continued preliminary hearing date, the government obtained an indictment. The court reasoned that the § 3060(d) remedy of dismissal did not apply in such a case:

> It does not appear in the record before us whether the first continuance, issued over defendant's objection, was an order of a judge of the district court made after the appropriate findings required by 18 U.S.C. § 3060(c). But even if this were not the case, there would be no grounds for reversal. First, a defendant's remedy for an improperly delayed preliminary examination is discharge from custody or the requirement of bond under 18 U.S.C. § 3060(d). This release is without prejudice to the institution of further proceedings upon the same charge. Second, no preliminary examination is required if an indictment is obtained first. 18 U.S.C. § 3060(e). We take these two sections to mean that defendant's remedy, if he was entitled to any, was release when his preliminary hearing was delayed, but that he could still be tried for the same offense if an indictment were subsequently handed down. The statute, as we read it, determines that the sole purpose of the preliminary examination is to test probable cause in order that innocent persons will not continue under arrest. If that determination is made by another means, there is no prejudice to defendant.

*Id* at 1024–25. In short, the 18 U.S.C. 3060(d) release "remedy extends only to defendants who *remain* in custody without being properly charged." *United States v. Aranda-Hernandez*, 95 F.3d 977, 979 (10th Cir. 1996) (emphasis added). Where there has been an indictment, "there is no relief this court can provide [defendant] for this departure from 18 U.S.C. 3060(b)" *Id.*.

The Tenth Circuit's reasoning appears to have been adopted by all of the courts which have subsequently considered the issue. *See United States v. Smith*, 22 F. App'x 137, 138 (4th Cir. 2001) (subsequent indictment "obviated the remedy Smith could have obtained from the denial of his preliminary

hearing" and thus "his right to discharge pursuant to 3060 ceased" because the "exclusive purpose of a preliminary hearing is to permit a determination of probable cause . . . 'an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'") (quoting *Gerstein v. Pugh*, 420 U.S. 103, 103 n.19 (1975)); *United States v. Rogers*, 455 F.2d 407, 412 (5th Cir. 2012) (the defendant should have been released upon denial of his preliminary hearing, but only "prior to indictment. Once indicted, the government was entitled to hold him under the indictment."); *United States v. Williams*, 526 F. App'x 29, 35-36 (2d Cir. 2013) ("as a result of being indicted, any claim that the defendant might have had for release pending further criminal proceedings was rendered moot"); *United States v. Lizarraga-Tomayo*, 2005 U.S. Dist. LEXIS 31669, at *5 (D. Ariz. Dec. 1, 2005) (same); *United States v. Assenza*, 337 F. Supp. 1057 (M.D. Fla. 1972) (same); *United States v. Battle*, 2020 U.S. Dist. LEXIS 168858, at *3 (E.D.N.Y. Sept. 15, 2020) ("defendant's motion . . . for release from custody, was rendered moot by the return of the indictment.").

      The defendant compares this case to his prior criminal case, in which failure to preserve evidence led to sanctions in the form of exclusion of evidence (but not dismissal of the charges). This is not, however, a case of prosecutorial or police misconduct; it is one of judicial error. That is, the AUSA applied for an adjournment of the preliminary hearing date, the Magistrate Judge granted it, and the prosecution obtained an indictment before the adjourned date. In hindsight, I have found that the extension order lacked a sufficient basis. It would be disproportionate and inconsistent with the case law, however, to unwind the entire case and dismiss a no-longer-operative criminal complaint. The defendant has now received the finding of probable cause to which he is entitled.

# ORDER

Accordingly, IT IS this 2d day of October, 2020,

ORDERED as follows:

1. The defendant's appeal from the Magistrate Judge's order (20cr803 DE 15; 20cr782 DE 1) is GRANTED IN PART to the extent that the Magistrate Judge's grant of an extension of the preliminary hearing date is reversed

2. The defendant's appeal is in all other respects DENIED, in particular as to the requested 18 U.S.C. § 3060(d) remedy of dismissal and discharge;

3. The letter docketed as the government's motion to vacate defendant's appeal (20cr782 DE 4) shall be considered, not as an independent motion, but as the government's opposition to the appeal;

4. The clerk shall file this opinion and order under both docket numbers, 20cr782 and 20cr803.

/s/ Kevin McNulty
_____
**Kevin McNulty**
**United States District Judge**