

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Rachael A. Honig
First Assistant U.S. Attorney

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2777

October 2, 2020

Hon. Kevin McNulty, U.S.D.J.
Frank R. Lautenberg Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

    Re:    *United States v. Vaughn*, No. 20-cr-803 (KM)

Dear Judge McNulty:

    The United States apologizes for failing to submit the letter the Court requested before it issued today's memorandum opinion and order. The reason for the delay is that, in reviewing the letter submitted in support of the application to extend the deadline for conducting a preliminary hearing in this case, Docket Entry ["DE"] 9, the Government grew concerned that certain statements in that letter were inaccurate or misleading. That required a careful review of the letter against the relevant facts. Having conducted that review, the Government has concluded that its concerns were well-founded. We are reassigning this case to a different Assistant U.S. Attorney and taking other remedial measures, as explained in greater detail below.

    As Your Honor is aware, and as detailed in the opinion, after Defendant Lamont Vaughn stated at his Wednesday, August 20 detention hearing that he wanted a preliminary hearing, DE12, ¶ 2, the Honorable Edward S. Kiel, U.S.M.J., scheduled a preliminary hearing for Friday, August 28, at 11:00 a.m. On August 24, the Government requested an extension under Federal Rule of Criminal Procedure 5.1(d) and asked Judge Kiel to adjourn the hearing until after September 11, 2020. DE9, at 4. After considering the Government's letter and Vaughn's opposition, DE10, Judge Kiel granted the extension and adjourned the preliminary hearing until September 18 at 10:00 a.m., DE12. Relying on the Government's letter, Judge Kiel found "[e]xtraordinary circumstances exist[ed] and the interests of justice would be served by extending the time for a preliminary hearing" because the "COVID-19 pandemic continues and social-distancing regulations have prevented a quorum of the grand jury." DE12, ¶ 6.

    Regrettably, this Rule 5.1(d) extension request never should have been made, and certainly not on the grounds advanced in the Government's letter. To begin

with, the letter stated that the "COVID-19 pandemic and the inability to obtain a grand jury quorum has prevented the government from proceeding by indictment by August 28, 2020." DE9, at p.4. As of the date of the letter, that was both incorrect and misleading. Newark grand juries were expected to (and in fact did) form quorums on Thursday, August 27 and Friday, August 28. Had the letter expressly acknowledged that Newark grand juries were convening on August 27 and August 28, Judge Kiel likely would not have granted the extension. In addition, the letter represented that the Government "anticipate[d] being able to present this case to the Grand Jury on September 11, 2020." *Id.* This representation implied that no grand jury quorum could be reached prior to that date. Had Judge Kiel known that a Newark grand jury was expected to (and in fact did) form a quorum on September 2, he likely would not have granted an extension until September 18.

In addition, relying on prior filings and resulting extension orders in a handful of cases during March–May 2020, the Government's letter focused on how the COVID-19 pandemic was impeding judicial proceedings and grand jury investigations generally. But as Your Honor correctly noted in the opinion, circumstances have changed since then. Most notably, per the plan approved by the Court, grand juries have been meeting approximately twice a week since May 29, 2020. And stay-at-home, travel and public gathering restrictions in New Jersey were easing during the summer. So the letter should have focused on the specific problems, if any, the COVID-19 pandemic was posing in August and expected to pose in September for this case in particular.

For example, the letter should have explained whether the pandemic truly was preventing the Government from locating fact witnesses and obtaining other evidence necessary to prepare for the preliminary hearing. The letter also should have acknowledged that Rule 5 "does not allow the [preliminary] hearing date to be" extended merely "to accommodate the pace of the grand jury investigation." *United States v. Gurary*, 793 F.2d 468, 472 (2d Cir. 1986). And the letter should have acknowledged that where, as here, the defendant does not consent to extending Rule 5.1(c)'s time limits, Rule 5.1(d) imposes "far more rigorous criteria" than "the somewhat flexible 'ends of justice standard' under" the Speedy Trial Act. *Gurary*, 793 F.2d at 473.

We do not believe these missteps undermine this Court's conclusion, however, that dismissal of the Indictment is unwarranted. DE26, at 7–10. Your Honor already has concluded that the extension should not have been granted, because the Government failed to articulate a proper legal and factual basis for it. As Your Honor also correctly found, however, the remedy for an improvidently granted extension is not the dismissal of the Indictment. A grand jury has now made a probable cause finding, and "an indictment, even if belated, cures a defect in the preliminary hearing process." DE26, at 8.

Nor do we believe those missteps entitle Vaughn to release on bail. After a contested bail hearing that began on August 17 and concluded on August 20, the

Honorable Cathy L. Waldor, U.S.M.J., denied Vaughn's bail application and ordered him detained on the grounds of danger to the community. DE7–8. And after the Indictment, Judge Waldor denied Vaughn's motion for reconsideration of her detention order, which Vaughn premised largely on his claimed vulnerability to COVID-19 and his standing in the community. DE13–14; *United States v. Vaughn*, No. 20-mj-15325, Docket Entries 13–14, 17–18, 21. The Government's error should not operate to the disadvantage of the community, which is entitled to be protected from the danger that the defendant presents. Nonetheless, the Government of course would not object to the Court reopening the bail hearing should the Court deem such a step warranted.

Finally, in light of the missteps that occurred in this case, the United States Attorney's Office is taking three remedial measures. *First*, the Office is reminding all AUSAs who handle criminal matters in this District about the requirements of Rule 5.1 generally and Rule 5.1(c) and (d) in particular. *Second*, no request for a Rule 5.1(d) extension will be made by this Office unless reviewed and approved by an appropriate Division Chief. *Third*, as we stated at the outset, the Office is reassigning this case to a different AUSA.

This Office sincerely regrets that its August 24 letter contained the misrepresentations described above. Federal prosecutors are held to high standards, and rightly so. This Office is committed to upholding those standards in this and every case.

Respectfully submitted,

CRAIG CARPENITO
UNITED STATES ATTORNEY

By: RACHAEL A. HONIG
First Assistant U.S. Attorney

(Enclosure)

cc: Hon. Edward S. Kiel, U.S.M.J.
Hon. Cathy L. Waldor, U.S.M.J.
Troy A. Archie, Esq. (stand-by counsel)
(by email and ECF)

Lamont Vaughn, *pro se*
(by mail)