UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 20-803 (KM) |
| v. | Crim. No. 20-782[1] |
| **LAMONT VAUGHN,** | |
| Defendants. | **OPINION** |

For reasons that will become obvious, I write briefly and quickly. This Court regularly relies, as it must, on the truthfulness and accuracy of representations by government counsel—not as to the underlying facts of the offense, which must be proven beyond a reasonable doubt, but as to procedural matters, such as the availability of a witness, the progress of parallel proceedings, or the existence of a grand jury quorum. The Court has the utmost confidence in the integrity of the United States Attorney and his assistants. Nevertheless, in the rare case where that confidence has been misplaced, I do not feel that I can simply do nothing.

Before the weekend, I filed a memorandum and order holding that the Magistrate Judge had erroneously granted an extension of the 14-day deadline to hold a preliminary hearing. Following well-established case law, I further held that the grand jury's subsequent indictment implied that no further relief could or should be given. This was, I wrote, a case of judicial error, not police or prosecutorial misconduct, and the grand jury's finding of probable cause had discharged the functions of a preliminary hearing.

---

[1] As a result of prior proceedings, relevant filings have appeared under docket numbers 20 mj 15325 and 20 cr 782. I have ordered that all future filings should be made under this docket number, 20 cr 803. Citations to docket entries ("DE"), unless otherwise specified, are to the docket in 20 cr 803.

At oral argument on September 30, 2020, I gave the government one day to make a supplemental submission. Having received no such submission by close of business on October 1, 2020, I drafted and filed my opinion on October 2, 2020. I thereafter received a letter from the First Assistant U.S. Attorney, conceding that the basis on which the government had obtained the adjournment of the preliminary hearing date was incorrect:

> The United States apologizes for failing to submit the letter the Court requested before it issued today's memorandum opinion and order. The reason for the delay is that, in reviewing the letter submitted in support of the application to extend the deadline for conducting a preliminary hearing in this case, Docket Entry ['DE"] 9, the Government grew concerned that certain statements in that letter were inaccurate or misleading. That required a careful review of the letter against the relevant facts. Having conducted that review, the Government has concluded that its concerns were well-founded. We are reassigning this case to a different Assistant U.S. Attorney and taking other remedial measures, as explained in greater detail below.
>
> As Your Honor is aware, and as detailed in the opinion, after Defendant Lamont Vaughn stated at his Wednesday, August 20 detention hearing that he wanted a preliminary hearing, DE12, ¶ 2, the Honorable Edward S. Kiel, U.S.M.J., scheduled a preliminary hearing for Friday, August 28, at 11:00 a.m. On August 24, the Government requested an extension under Federal Rule of Criminal Procedure 5.1(d) and asked Judge KieI to adjourn the hearing until after September 11, 2020. DE9, at 4. After considering the Government's letter and Vaughn's opposition, DE10, Judge KieI granted the extension and adjourned the preliminary hearing until September 18 at 10:00 a.m., DE12. Relying on the Government's letter, Judge KieI found "[e]xtraordinary circumstances exist[ed] and the interests of justice would be served by extending the time for a preliminary hearing" because the "COVID-19 pandemic continues and social-distancing regulations have prevented a quorum of the grand jury." DE12, ¶ 6.
>
> Regrettably, this Rule 5.1(d) extension request never should have been made, and certainly not on the grounds advanced in the Government's letter. To begin with, the letter stated that the

"COVID-19 pandemic and the inability to obtain a grand jury quorum has prevented the government from proceeding by indictment by August 28, 2020." DE9, at p.4. As of the date of the letter, that was both incorrect and misleading. Newark grand juries were expected to (and in fact did) form quorums on Thursday, August 27 and Friday, August 28. Had the letter expressly acknowledged that Newark grand juries were convening on August 27 and August 28, Judge KieI likely would not have granted the extension. In addition, the letter represented that the Government "anticipate[d] being able to present this case to the Grand Jury on September 11, 2020." *Id.* This representation implied that no grand jury quorum could be reached prior to that date. Had Judge Kiel known that a Newark grand jury was expected to (and in fact did) form a quorum on September 2, he likely would not have granted an extension until September 18.

In addition, relying on prior filings and resulting extension orders in a handful of cases during March-May 2020, the Government's letter focused on how the COVID-19 pandemic was impeding judicial proceedings and grand jury investigations generally. But as Your Honor correctly noted in the opinion, circumstances have changed since then. Most notably, per the plan approved by the Court, grand juries have been meeting approximately twice a week since May 29, 2020. And stay-at-home, travel and public gathering restrictions in New Jersey were easing during the summer. So the letter should have focused on the specific problems, if any, the COVID-19 pandemic was posing in August and expected to pose in September for this case in particular.

For example, the letter should have explained whether the pandemic truly was preventing the Government from locating fact witnesses and obtaining other evidence necessary to prepare for the preliminary hearing. The letter also should have acknowledged that Rule 5 "does not allow the [preliminary] hearing date to be" extended merely "to accommodate the pace of the grand jury investigation." *United States v. Gurary*, 793 F.2d 468, 472 (2d Cir. 1986). And the letter should have acknowledged that where, as here, the defendant does not consent to extending RuIe 5.l(c)'s time limits, RuIe 5.1(d) imposes "far more rigorous criteria" than "the somewhat flexible 'ends of justice standard' under" the Speedy Trial Act. *Gurary*, 793 F.2d at 473.

(Gov't letter, dated October 2, 2020, DE 27)

The government's letter is appropriately contrite. It states, however, that it believes that these misrepresentations do not undermine my conclusion that no remedy is called for, in light of the fact that the grand jury has, if belatedly, found probable cause. Nor, says the government, do its misrepresentations undermine the basis on which the Magistrate Judge (a different one, as it happens) denied bail and ordered the defendant detained. The government does, however, consent to reopening the bail hearing should the Court deem it appropriate.

The government closes by stating that it has taken three remedial measures:

> First, the Office is reminding all AUSAs who handle criminal matters in this District about the requirements of Rule 5.1 generally and Rule 5.1(c) and (d) in particular. Second, no request for a RuIe 5.1(d) extension will be made by this Office unless reviewed and approved by an appropriate Division Chief. Third, as we stated at the outset, the Office is reassigning this case to a different AUSA.

(DE 27 at 3)

Here, as the First Assistant's letter regretfully admits, the representations on which the Magistrate Judge based his ruling were simply untrue. I cannot find either way as to whether such misrepresentations were purposeful; proceedings in the current climate are not following the usual course, and the situation changes rapidly. But the facts about the availability of the grand jury were readily available at the time (to an AUSA, that is; not to a criminal defendant). It is hard to imagine a legitimate basis to have made such a representation without at least checking. Nor is there any excuse for having failed to verify and correct these misrepresentations before me, in response to the defendant's appeal of the Magistrate Judge's order.

I ordered the government to make a supplemental submission clarifying the basis on which it sought the Magistrate Judge's order, not

imagining that the government was wrong about the unavailability of the grand jury, but seeking to determine whether it had presented any legitimate additional factual basis for the adjournment. If I had not done so, the misrepresentations might never have come to light.

In short, this is not, as I stated in my prior Opinion, an ordinary case of error in a judicial decision. It is a case in which the government led the Magistrate Judge into error by misstating the facts.[2] No case is error-free, and a misunderstood or missed deadline would not ordinarily merit dismissal. Under the facts as I understood them, I was prepared — just — to find "no harm, no foul" and permit the case to go forward. No longer.

The remedy called for by 18 U.S.C. § 3060(d) is clear:

> (d) Except as provided by subsection (e) of this section, an arrested person who has not been accorded the preliminary examination required by subsection (a) within the period of time fixed by the judge or magistrate judge in compliance with subsections (b) and (c), shall be discharged from custody or from the requirement of bail or any other condition of release, without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested.

The courts have grafted onto that statute an exception for the case in which there has been a subsequent indictment. I decline to push that judicially-created exception, which does not contradict but is somewhat in tension with the actual wording of the statute, this far. Under these rare circumstances, I will apply it.

I can conceive of no effective sanction short of granting the remedy provided for in 18 U.S.C. § 3060(d): dismissal of the Indictment without prejudice to further criminal proceedings, and vacating the order of

---

[2] Even *United States v. Milano,* 443 F.2d 1022 (10th Cir. 1971), the seminal, most prosecution-friendly case on which my prior Opinion relied, reserved the issue of whether "deliberate prosecutorial connivance" to delay a preliminary hearing until after indictment would require a different outcome. *Id.* at 1025. Ironically, of course, it should not have mattered; the unavailability of the grand jury, for the reasons expressed in my prior opinion, is not a sufficient basis to grant an extension of the Rule 5.1 deadline, as the government now acknowledges.

detention (DE 8) to the extent it is based on the criminal charges in this case. Requiring the government, at a minimum, to start over seems just and proportionate; it should not enjoy any advantage as a result of its conduct, which preceded the 14-day deadline to indict, which should never have been extended in the first place.

There is a complicating factor. It appears that the defendant is detained, not only because of the criminal charges in this case, but also pursuant to a petition for violation of supervised release in his prior criminal case, Crim. No. 14-23. While that petition, in its amended form (14cr23 DE 386) includes the conduct underlying this criminal case, it also alleges three other violations. The order of detention, entered in both matters, seems to have been based on all of the conduct. (DE 8; 14cr23 DE 390) Nevertheless, if the criminal charge here were set aside, the Magistrate Judge might well view the bail decision very differently. I will therefore order a new bail hearing, to be held forthwith, but in any event before noon tomorrow, October 6, 2020.

## CONCLUSION

I will order dismissal of the Indictment without prejudice, and immediate release of the defendant. A separate order accompanies this Opinion.

/s/ Kevin McNulty
_____
**Kevin McNulty
United States District Judge**