# AFONSO ARCHIE & FOLEY, P.C.
## ATTORNEYS AT LAW

ALBERT M. AFONSO, ESQ. ‡
TROY A. ARCHIE, ESQ.                                         ARCHIE@AAFNJLAW.COM
ERIC R. FOLEY, ESQ.
KERLIN HYPPOLITE, ESQ. ‡

OCTAVIA MELENDEZ, J.S.C. (RET.)
    *SPECIAL COUNSEL*

‡ ALSO MEMBER OF PA BAR

October 5, 2020

<u>VIA PACER</u>
Honorable Kevin McNulty,
United States District Court Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   <u>USA v. Lamont Vaughn</u>
       Docket No.   2:20-cr-00803-KM
       Docket No.   14-00023-01; PACTS Number: 67712

Dear Judge McNulty and Judge Waldor:

     As the Court is aware, the undersigned has been appointed as Stand by Counsel for Lamont Vaughn in the above referenced matter. Mr. Vaughn has called me several times throughout the day and has been made aware of Judge McNulty's October 5, 2020 Order dismissing the above captioned indictment without prejudice and Judge Waldor's text order scheduling a bail hearing on the pending VOSR on October 6, 2020 at 11:30 am.  Because time is of the essence and his pro se mailings would not reach the court for a few days, Mr. Vaughn asked me to file the within correspondence after dictating the following points:

1. Based on the Government's admissions in its belated filing on October 2, 2020, Mr. Vaughn avers that his due process rights were violated and that indictment 2:20-cr-00803 should be **dismissed with prejudice** as a result of these violations as they are the direct result of Prosecutorial Misconduct by the Government.

2. Mr. Vaughn appreciates the Court's amended Order dated 10-5-2020 dismissing the indictment without prejudice, but believes this matter should have been dealt with on the record so that Mr. Vaughn could have made an argument for dismissal with prejudice based on the violation of due process and misconduct by the Government. As a result, his rights have further been usurped from making a full record on the due process and prosecutorial misconduct issues in the event of a later appeal to the Third Circuit.  By way of this correspondence he is notifying all parties that he is not

waiving any arguments or rights voluntarily and specifically, will never ever waive his rights "involuntarily".

3. Mr. Vaugh understands that this court may dismiss an indictment based upon its inherent authority only if the Government engaged in misconduct, the defendant was prejudiced, and no less severe remedy was available to address the prejudice. See *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254-56, 263 (1988)  Mr. Vaugh believes the Government's actions amounted to Prosecutorial Misconduct, he was deprived of his liberty and his family has suffered as a result of the Governments Misconduct, and the actions of the Government were purposeful and vindictive to block Mr. Vaughn from a preliminary hearing where it is likely he would have prevailed and showed that probable cause was nonexistent while Fourth Amendment violations were clearly existent during his detention, search and seizure on July 20, 2020 in Irvington, New Jersey and to pay him back from litigation in Indictment 14-00023 before Judge Linares. An abuse of the grand jury process by the prosecution merits dismissal of an indictment only where the defendant is actually prejudiced, or "[t]here is evidence that the challenged activity was something other than an isolated incident unmotivated by sinister ends or that the type of misconduct challenged has become `entrenched and flagrant' in the circuit." *United States v. Serubo*, 604 F.2d 807, 817 (3d Cir. 1979), quoting *United States v. Birdman*, 602 F.2d 547, 559 (3d Cir.; cert. denied, 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 322 (1979); *United States v. Rosenfield*, 780 F.2d 10 (3d Cir. 1985)  Mr. Vaughn believes the Governments  abuse of his due process rights by extending his preliminary hearing date for the sole purpose of seeking an indictment is akin to abuse of the grand jury process and there should be consequences for same in the fashion of dismissal with prejudice.

4. Finally, Mr. Vaughn believes that the status quo should be reinstated and he should be released immediately as he and the undersigned was dealing with the VOSR before Judge Cecchi under Docket Number: 14-00023-001 PACTS Number: 67712 since the fall of 2019 on a summons, not a warrant.  Mr. Vaughn was working, completed a substance abuse program, was heavily involved in community service and was awaiting a Court date until the pandemic hit and Court operations came to a halt. The VOSR only became a detention issue because of the charges that were dismissed by Judge McNulty.

5. Mr. Vaughn asked that I included his community support letters with this filing so that Judge Waldor received all of his letters including the additional letters he provided to Judge McNulty last week.

Thank you in advance for your attention, courtesies, and consideration.

Respectfully Submitted,

/s/Troy A. Archie, Esquire

cc: Naazneen Bashir Khan, AUSA
    Racheal A. Honig, First Assistant United States Attorney
    Lamont Vaughn, Defendant

21 ROUTE 130 SOUTH · CINNAMINSON, NEW JERSEY 08077
PHONE (856) 786-7000 · FAX (856) 385-8181